Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1433 | **DATE** | 3/9/2004 |
| **CASE TITLE** | Sidney Pointer, Petitioner vs. United States of America, Respondent | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Pointer's Petition for a Writ of Habeas Corpus [Doc. No. 1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum opinion and order, Pointer's Petition for a Writ of Habeas Corpus [Doc. No. 1] is DENIED in its entirety. All other motions are moot and terminated. This case is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 1 1 2004 date docketed | 12 |
| X | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | slf (lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SIDNEY POINTER, )
)
Petitioner, )
) No. 03 C 1433
v. )
) HONORABLE DAVID H. COAR
UNITED STATES OF AMERICA, )
)
Respondent. )

## MEMORANDUM OPINION AND ORDER

Before this Court is Sidney Pointer's ("Pointer" or "Petitioner") petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2255 (" § 2255 petition"). For the reasons set forth below, Pointer's motion is denied in its entirety.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2001, eight individuals, including Pointer, were charged in connection with an insurance fraud scheme involving the issuance of fraudulent commission checks. Pointer was the lead defendant, and was charged with issuing twenty-one fraudulent insurance commission checks to acquaintances while employed at Glenbrook Life and Annuity Company ("Glenbrook"), an affiliate of Allstate Insurance Company. Seven of the eight defendants, including Pointer, plead guilty. Pointer plead guilty to all twenty-two counts of the indictment against him. These counts charged Pointer with violations of Title 18, United States Code,

-1-

Sections 371 (conspiracy), 1033(b) (insurance fraud) and 2 (aiding and abetting). Pointer ent[ered] a blind plea of guilty.

At sentencing, the Parties disputed whether Pointer should receive a two-level increas[e] pursuant to Guideline § 3B1.3 for abuse of a position of private trust. During sentencing hearings conducted on June 4, June 18, and June 27, 2002, the Government presented testimo[ny] from Glenbrook employees to attempt to establish that Pointer exercised discretion over the issuance of checks. Pointer argued that he did not posses the discretion necessary for abuse o[f a] position of private trust. The Court found that Pointer did abuse a position of private trust an[d] imposed a two-level enhancement. Additionally, the Court imposed a two-level increase beca[use] Pointer's offense involved more than minimal planning pursuant to Guideline §2F1.1(b)(4)(A[).] On June 27, 2002, Pointer was sentenced to forty-one months incarceration, to be followed b[y] three years of supervised release. Pointer did not appeal his conviction or sentence.

## II. DISCUSSION

### *A. Legal Standard for § 2255 Petitions*

Under 28 U.S.C. § 2255, federal prisoners can challenge the imposition or length of th[eir] detention if their conviction or sentence has been founded on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage o[f] justice." Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir. 1995); 28 U.S.C. § 2255. If t[he] court determines that any of these errors infected the judgment or sentence, the petitioner's

---

[1] The Federal Sentencing Guidelines in effect as of November 1, 2001 applied to Pointer's sentence because those guidelines were more favorable to him.

conviction will be vacated or set aside, and the petitioner will be discharged, resentenced, or granted a new trial. Id.

Additionally, after reviewing the petitioner's motion, the government's answer, and a[ny] transcripts or records of prior court proceedings, the court will determine whether an evident[iary] hearing is necessary. See Rule 8(a) of the Rules Governing Section 2255 proceedings. "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedin[gs] in the case that the movant is not entitled to relief in the district court, the [court] shall make [an] order of summary dismissal." See Rule 4 (b) of the Rules Governing Section 2255 proceedi[ngs]; Liss v. United States, 915 F.2d 287, 290 (7th Cir. 1990).

*B. Analysis*

Pointer's petition provides three grounds upon which he contends relief should be granted.[2] Petitioner states that: (1) the Court abused its discretion when it applied the abuse [of] position of private trust and more than minimal planning sentence enhancements; (2) he was denied the effective assistance of counsel, because his counsel failed to clarify certain issues relating to those sentence enhancements to the Court; and (3) he did not plead guilty volunta[rily] and with the understanding of the nature of the charges and the consequences of his plea. Ea[ch] of these stated grounds for habeas corpus relief will be addressed in turn.

---

[2] Because Pointer is a pro se litigant, his petition will be liberally construed. See United States v. Joiner, 847 F. Supp. 604, 607 (N.D. Ill. 1994) (citing Jamison-Bey v. Thieret, 867 F.2d 1046, 1047 (7th Cir. 1989)).

*1. Did the Court Abuse its Discretion When Applying the Abuse of Position of*

*Trust and More Than Minimal Planning Sentence Enhancements?*

Pointer contends that the Court abused its discretion when it applied the abuse of position of trust and more than minimal planning sentence enhancements. Pointer alleges that there was an insufficient factual basis upon which to apply these sentencing enhancements, and that the Court failed to consider the fact that Pointer received extensive supervision as a Process Owner at Glenbrook which prevented him from being in a position of trust.[3] However, as stated, Pointer did not directly appeal any aspect of his sentence. The errors regarding the use of the sentencing enhancements are nonconstitutional errors. "Nonconstitutional errors which could have been raised on appeal but were not, are barred on collateral review–regardless of cause and prejudice." Arango-Alvarez v. United States, 134 F.3d 888, 891 (7th Cir. 1998) (quoting Bontkowski v. United States, 850 F.2d 306, 313 (7th Cir. 1988))[4]. Therefore, Pointer's argument that the Court abused its discretion when applying the abuse of position of private trust and more than minimal planning sentence enhancements is not subject to review by this Court, due to procedural default. See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992) ("A section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal.")

---

[3] Pointer does not provide any facts to establish why the more than minimal planning sentence enhancement should not apply.

[4] The one exception to this rule is the "fundamental miscarriage of justice", where the petitioner is actually innocent of the crime for which he was imprisoned. See Steward v. Gilmore, 80 F.3d 1205, 1212 (7th Cir. 1996). However, that exception is inapplicable here, as Pointer does not contend to be innocent of the crimes for which he was imprisoned.

## 2. Was Pointer Denied the Effective Assistance of Counsel?

Secondly, Pointer argues that because of his counsel's ineffectiveness, the Court was unable to fully and accurately understand why these sentence enhancements were inapplicable to his circumstances. Claims of ineffective assistance of trial counsel "are properly raised for the first time in a § 2255 motion rather than on a direct appeal." McCleese v. United States, 75 F.3d 1174, 1178 (7th Cir. 1996). There are two justifications for this rule. Id. First, in order to be successful, ineffective assistance of counsel claims require supplementing the trial record with "extrinsic evidence that illuminates the attorney's errors." Id. (citing Bond v. U.S., 1 F.3d 631, 635 (7th Cir. 1993)). The second justification, which is not applicable in this case, is where a petitioner's trial counsel was also his appellate counsel because he "can hardly be expected to challenge on appeal his own effectiveness at trial." McCleese, 75 F.3d at 1178 (citing United States v. Taglia, 922 F.2d 413, 418 (7th Cir. 1991)). Therefore, when a defendant fails to offer extrinsic evidence to support his claim of ineffective assistance of counsel (and he was represented by different counsel on appeal), that defendant must bring that claim on direct appeal or face procedural default for failing to do so. McCleese, 75 F.3d at 1178. As stated, Pointer did not initiate a direct appeal on any of the issues in his case. Therefore, this Court will consider if any of the extrinsic evidence Pointer provides indicates the ineffective assistance of counsel.

Pointer argues that his attorneys were ineffective because they failed to clarify that his crime was facilitated by his position and that it was a crime of opportunity that could have been committed by any Customer Service Representative in the department. In order to succeed on his ineffective assistance of counsel claim, Pointer must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that this deficiency prejudiced him.

Strickland v. Washington, 466 U.S. 668, 694 (1984). Pointer must point out and make clear to the court the specific acts or omissions forming the basis of his claim. United States v. Trevino, 60 F.3d 333, 338 (7th Cir. 1995) (citing Strickland, 466 U.S. at 690). Finally, all circumstances must be evaluated to determine whether the alleged acts or omissions were made outside of the wide range of professionally competent assistance. Id. The petitioner must show that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Therefore, Pointer bears a heavy burden to establish an ineffective assistance of counsel argument, as his counsel is presumed effective. Trevino, 60 F.3d at 338.

Based on the information in Pointer's petitions, the Government's response, and transcripts of Pointer's three sentencing hearings in June 2002, the Court determines that there is no evidence that Pointer's counsel performed below an objective standard of reasonableness. Further, Pointer was not prejudiced by any of the decisions of his attorneys. In briefs and at the sentencing hearings, Pointer's counsel clearly articulated to the Court why they felt the abuse of position of trust enhancement was inapplicable. This includes extensive arguments that contended Pointer lacked the necessary discretion to be in a position of trust, and that other Glenbrook Life employees had the same access to checks as Pointer. Additionally, though Pointer's counsel made no objection to the more than minimal planning sentence enhancement, Pointer has presented no circumstances or facts that indicate that he was prejudiced by his counsel's decision not to object to that sentence enhancement. Further, Pointer has failed to demonstrate that his attorneys' decision not to object to that sentence enhancement fell below an objective standard of reasonableness or can be deemed an error so serious as to deprive him of

his Sixth Amendment right to counsel. Strickland, 466 U.S. at 687. Therefore, Pointer is not entitled to relief on his ineffective assistance of counsel claim.

### 3. Was Pointer's Guilty Plea Voluntary?

Pointer contends that because of his counsel's ineffectiveness, his guilty plea was not voluntary, as he did not understand the nature of all the charges, and the consequences of his guilty plea. To demonstrate prejudice under Strickland in the context of a guilty plea, the defendant must show that there was a reasonable probability that, but for his counsel's errors, would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). A reasonably competent attorney considers the facts and legal consequenc of the guilty plea and communicates this analysis to the defendant. United States v. Barnes, 83 F.3d 934, 939 (7th Cir. 1996)).

Pointer has not provided any evidence that shows that his counsel failed to convey all o the consequences of his plea to him. During change of plea proceedings on October 31, 2001, Pointer was given a clear and thorough recitation of all of his rights and the consequences of hi plea, and clearly indicated that he understood the repercussions of a plea of guilty. Further, Pointer indicated that his attorney clearly explained all of his rights to him. Pointer has failed t produce any facts or circumstances that would indicate that his counsel was ineffective due to a failure to convey the consequences of a guilty plea. The record before the Court indicates that Pointer plead guilty knowingly, voluntarily, and with an awareness of the consequences of that plea. Pointer was fully apprised of all his rights; therefore his counsel did not commit any erron that would indicate that but for those decisions, Pointer would have gone to trial. Therefore, Pointer is not entitled to any relief on the claim that his guilty plea was involuntary and was not

made with an understanding of the nature of all of the charges due to the ineffective assistance of his counsel.

## III. CONCLUSION

For the foregoing reasons, Pointer's § 2255 petition is dismissed in its entirety. All other motions are moot and terminated. This case is closed.

Enter:

David H. Coar
United States District Judge

Dated: **March 9, 2004**